**Affirmed as Modified and Opinion Filed September 11, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-13-01028-CR
No. 05-13-01029-CR
No. 05-13-01030-CR

**ANGELA KAY TAYLOR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F13-30649-Q, F13-55642-Q, F12-40522-Q**

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Myers and Evans
Opinion by Chief Justice Wright

Angela Kay Taylor appeals from three convictions for theft of property. In four issues, appellant contends the evidence is insufficient to support the trial court's order for appellant to pay court costs and the judgments should be modified to reflect the name of the attorney who represented the State and that there were no plea bargain agreements in these cases. We modify the trial court's judgments and affirm as modified.

BACKGROUND

In cause no. 05-13-01028-CR, appellant waived a jury, pleaded guilty to theft of property valued at $1,500 or more but less than $20,000, and pleaded true to two enhancement paragraphs. *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(4) (West Supp. 2013). In cause no. 05-13-01029-CR, appellant waived a jury, pleaded guilty to theft of property valued at less than $1,500, having two prior theft convictions, and pleaded true to two enhancement paragraphs. *See id*. After finding appellant guilty and the enhancement paragraphs true, the trial court assessed punishment at ten years' imprisonment in each case. The trial court's judgments also include orders that appellant pay $219 in court costs.

In cause no. 05-13-01030-CR, appellant waived a jury, pleaded guilty to theft of property valued at less than $1,500, having two prior theft convictions, and pleaded true to two enhancement paragraphs. *See id*. Pursuant to a plea bargain agreement, the trial court deferred adjudicating guilt and placed appellant on five years' community supervision. The State later moved to adjudicate guilt, alleging appellant violated several conditions of community supervision. Appellant pleaded true to the allegations in a hearing on the motion. The trial court found the allegations true, adjudicated appellant guilty, and assessed punishment at two years' confinement in state jail.

## COURT COSTS

In her first two issues, appellant contends that in cause nos. 05-13–1028-CR and 05-13-01029-CR, the evidence is insufficient to support the trial court's orders for her to pay $219 in court costs. Appellant asserts the clerk's records do not contain bills of costs and, thus, the evidence is insufficient. The record before us contains the bill of costs in each of these cases. Appellant's complaints, including those contained in her objection to the supplemental clerk's records, have been addressed and rejected. *See Johnson v. State*, 423 S.W.3d 385, 390 (Tex.

Crim. App. 2014) (holding that "a bill of costs is a relevant item that if omitted from the record, can be prepared and added to the record via a supplemental clerk's record"); *Coronel v. State*, 416 S.W.3d 550, 555–56 (Tex. App.—Dallas, pet. ref'd). We overrule appellant's first two issues.

## MODIFY JUDGMENTS

In her third and fourth issues, appellant contends the judgments should be modified to accurately reflect the name of the attorney representing the State in the proceedings and to show there were no plea bargain agreements. The State agrees the judgments should be modified as appellant has requested.

The records show that during the joint plea/motion to adjudicate hearing, the State was represented by Andrew Anagnostis at the hearing. However, the judgments in cause nos. 05-13-01028-CR and 05-13-01029-CR inaccurately recite the attorney for the State as Michelle Shugart. Further, appellant entered open guilty pleas to the charges in the indictments and a plea of true to the motion to adjudicate. The judgments inaccurately state terms of plea bargain agreements. We sustain appellant's third and fourth issues. We modify the trial court's judgments to show Andrew Anagnostis was the attorney for the State and that the terms of the plea bargain were open. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

## CONCLUSION

In cause no. 05-13-01028-CR and cause no. 05-13-01029-CR, we modify the trial court's judgment to show the attorney for the State is Andrew Anagnostis, and the terms of the

plea bargain are "open." In cause no. 05-13-01030-CR, we modify the trial court's judgment adjudicating guilt to show the terms of the plea bargain are "open."

As modified, we affirm the trial court's judgments.

Do Not Publish
TEX. R. APP. P. 47
131028F.U05

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ANGELA KAY TAYLOR, Appellant

No. 05-13-01028-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 204th Judicial District Court of Dallas County, Texas (Tr.Ct.No. F13-30649-Q).
Opinion delivered by Chief Justice Wright, Justices Myers and Evans participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follow:

The section entitled "Attorney for State" is modified to show "Andrew Anagnostis."

The section entitled "Terms of Plea Bargain" is modified to show "Open."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered September 11, 2014



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ANGELA KAY TAYLOR, Appellant

No. 05-13-01029-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 204th Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F13-55642-Q).
Opinion delivered by Chief Justice Wright,
Justices Myers and Evans participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follow:

The section entitled "Attorney for State" is modified to show "Andrew Anagnostis."

The section entitled "Terms of Plea Bargain" is modified to show "Open."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered September 11, 2014



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ANGELA KAY TAYLOR, Appellant

No. 05-13-01030-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 204th Judicial District Court of Dallas County, Texas (Tr.Ct.No. F12-40522-Q).
Opinion delivered by Chief Justice Wright, Justices Myers and Evans participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follow:

The section entitled "Terms of Plea Bargain" is modified to show "Open."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered September 11, 2014